UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § | Claim No: 1998A14629 |
| vs. | | |
| Kenneth Turner aka Kenneth Turner, III | | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 1219 Rahn, Westland, Michigan 48186.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $1,368.58 |
| B. Current Capitalized Interest Balance and Accrued Interest | $2,593.43 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |
| E. Attorneys fees | $0.00 |
| **Total Owed** | **$3,962.01** |

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8.000% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

KENNETH TURNER
AKA: N/A
14946 PREVOST
DETROIT, MI. 48227

SSN

Total debt due United States as of 01/27/98 : $ 2,379.86

I certify that U.S. Department of Education records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $ 1,368.58 from 01/27/98 at the annual rate of 8.00 percent. Interest accrues on the principal amount of this debt at a rate of $ 0.30 per day.

The claim arose in connection with a Government insured or guaranteed loan made by a private lender and assigned to the United States.

On 03-14-84, the debtor executed promissory note(s) to secure the loan(s) from EMPIRE OF AMERICA FEDERAL SAVINGS BANK, under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s) and on 05-01-86 the debtor defaulted on the obligation.

Pursuant to 34 C.F.R. 682.202 and/or terms of the promissory note(s) the holder(s) capitalized interest accrued to the original lender in the amount of $ 118.58 thereby increasing the principal balance due to $ 1,368.58.

After application of the last voluntary payment of $0.00 which was received on N/A the debtor now owes the following :

| | | |
|---|---|---|
| Principal: | $ | 1,368.58 |
| Interest: | $ | 1,011.28 |
| Administrative/ Collection Costs: | $ | 0.00 |
| Penalties: | $ | 0.00 |

CERTIFICATION: Pursuant to 28 U.S.C. Section 1746, I certify under penalty of perjury that the foregoing is true and correct.

2/5/98
(Date)

_James Kenners_
Loan Analyst-Litigation Branch

**MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY**
**GUARANTEED STUDENT LOAN**
PAYOUT NOTE
(Interest on Declining Balance)

Date: 4/1/85

## I. LOAN INFORMATION

| LOAN NUMBER AND SUFFIX | DATE OF DISBURSEMENT | UNPAID PRINCIPAL BALANCE (as of repayment start date) |
|---|---|---|
| 768534W | 3/22/84 | $ 1250.00 |
| | | |
| | | |
| TOTAL | | $ 1250.00 |

| | |
|---|---|
| UNPAID PRINCIPAL BALANCE (As of repayment start date) | $ 1250.00 |
| ADD: ACCRUED UNPAID INTEREST TO BE CAPITALIZED (Fr. 11/1/84) (To 4/1/85) | $ 41.04 |
| EQUALS-PRINCIPAL TO BE REPAID | $ 1291.04 |
| ADD: INTEREST PAYABLE DURING REPAYMENT PERIOD | $ 279.16 |
| EQUALS: TOTAL AMOUNT TO BE REPAID | $ 1570.20 |

| RATE OF INTEREST | REPAYMENT START DATE (Interest Begins) | DATE OF FIRST PAYMENT | WHEN PAYMENTS ARE DUE | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS |
|---|---|---|---|---|---|
| 8.0% | 4/1/85 | 5/1/85 | 1st day of each month | 60 | $26.17 |

| LENDER | STREET | CITY | STATE & ZIP |
|---|---|---|---|
| Empire of America, Federal Savings Bank | 24700 Northwestern Hwy. | Southfield | MI, 48075 |

## II. AGREEMENT BY MAKER

A. For value received, I promise to pay to the lender listed herein the above sum total principal and interest over the term of this note. Payment shall be in successive monthly installments commencing on the date of first payment and continuing thereafter on the same day of each subsequent month until paid in full.

B. I acknowledge, if I and the Holder agree, that this note may be executed calling for repayment to begin earlier than the date of the Interim note(s) that it replaces and/or for payments which exceed the $600 yearly minimum for a term other than the five year minimum. When such agreement reduces the grace period, the grace period may not be restored. I may at any time refinance this note to the extent that I may have a total note term of at least five years but no more years (See Item 5 Borrower's Rights on reverse side).

C. If any loans consolidated into this Payout Note were disbursed prior to December 15, 1968 and if I was eligible for interest benefits in effect at the date of disbursement, the U. S. Secretary of Education shall make interest payments on portion of this note which is eligible for federal interest benefits to the Holder on behalf of myself at the rate of 3% on the unpaid balance.

D. If I default on this note by reason of delinquency, the unpaid principal balance shall, at the option of the Holder, become immediately due and payable without notice or demand and if the Holder or subsequent Holder shall incur any reasonable expenses greater than normal costs associated with collection, there shall immediately become due from me all reasonable expenses and attorney fees and the Holder may obtain judgment for all such sums.

E. I acknowledge that I am legally obligated under Section 8 of Act No. 77 of the Public Acts of 1960, as amended, for the note even though I may be less than eighteen years of age.

F. "Interest payable during the repayment period", as shown above, is an estimate based upon payments being made as scheduled. This interest has been precomputed and added to the principal balance and is shown above as "The total amount to be repaid". I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time.

G. The lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after the due date unless I provide documentation that I am entitled to have the payment deferred as described in "H" below and on the reverse side of this note. A late charge may not exceed $5.00 or 5% of the installment, whichever is less.

H. Repayment is required to continue unless I am eligible for and apply for a deferment of payments as authorized by Federal Law. Conditions and requirements for deferment are enumerated on the reverse side of this Note and are considered as part of this Note.

I. In the event of death or a determination of permanent and total disability, followed by a proper notification to the holder of this note, the entire amount owed by me shall become due and shall be paid on my behalf by the Guarantor to the Holder.

J. Interest shall begin to accrue on this note on the repayment start date.

K. I acknowledge receipt of an exact copy of this note at the time of execution of this note.

L. I further acknowledge having read and understood this note, including the Deferment of Payment and the Rights and Responsibilities on the reverse side of this note.

CO-SIGNER SIGNATURE: 
TYPED NAME: 
ADDRESS: 
CITY: STATE: ZIP:
SOCIAL SECURITY NO.:

MAKER SIGNATURE: Kenneth Turner
TYPED NAME: Kenneth Turner
ADDRESS: 14946 Prevost
CITY: Detroit STATE: MI ZIP: 482__
SOCIAL SECURITY:

BEST COPY AVAILABLE AT TIME OF IMAGING

## NOTE ENDORSEMENT BY MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY

The undersigned, as endorser, guarantees payment of 100 percent of the unpaid principal balance to the Holder in the event Maker permits this note to become in default as defined by regulations of the Michigan Higher Education Assistance Authority. In event of default, the Maker's obligation to the Holder is transferred to the Michigan Higher Education Assistance Authority.

MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY
Authorized Official: Patrick Cummings

LENDER COPY

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

*Jane Barlow*    2-3-98
NAME                DATE